OPINION
On August 3, 1994, appellee, Steven R. Hollis, pled guilty to three counts of sexual battery, in violation of R.C.2907.03(A)(5), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). On September 30, 1994, the Ashtabula County Court of Common Pleas sentenced appellee to a definite term of incarceration of two years on each count, to be served consecutively. Having pleaded guilty to a sexually oriented offense, appellee became subject to a sexual predator hearing under Ohio's version of Megan's Law, newly amended R.C. Chapter 2950.
On May 13, 1997, the trial court issued a judgment entry indicating that it had received a recommendation from the Department of Rehabilitation and Correction ("DRC") that appellee be adjudicated a sexual predator. The trial court ordered the Ashtabula County Prosecutor to review the recommendation of the DRC and advise the court within sixty days whether the state believed it could present sufficient evidence to support a determination that appellee is a sexual predator. Appellant did not respond to the trial court's request.
Subsequently, on June 18, 1997, appellee filed a motion to dismiss further proceedings against him. Specifically, appellee argued that Ohio's version of Megan's Law was unconstitutional as applied to him. By judgment entry filed February 5, 1998, the trial court granted appellee's motion. Appellant appealed, and, pursuant to this court's decision in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, the judgment of the trial court is affirmed. ____________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.